NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-3972

———

UNITED STATES OF AMERICA

v.

CARL JOHNSON,
                    Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-07-cr-00107-002)
District Judge: Hon. Edwin M. Kosik

———

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2011

Before: BARRY, HARDIMAN, and TASHIMA,[*] Circuit Judges

(Filed: May 11, 2011)

———

OPINION

———

[*] Hon. A. Wallace Tashima, Senior Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

TASHIMA, Circuit Judge.

Carl Johnson appeals the judgment of revocation of supervised release and sentence of 24 months' imprisonment. His counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and Johnson has declined to submit a pro se brief. We have jurisdiction under 28 U.S.C. § 1291, and we will grant counsel's motion and affirm the judgment of the District Court.

**I.**

In 2007, Johnson pled guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On October 3, 2007, he was sentenced to a 15-month term of imprisonment and a two-year term of supervised release. His supervision commenced on December 5, 2008. On September 4, 2009, his probation officer filed a Petition for Offender Under Supervision alleging that Johnson violated his conditions of supervised release by delivering a quantity of cocaine on August 18, 2009. On February 17, 2010, Johnson was sentenced in the Schuylkill County Court of Common Pleas to 11½ to 23 months' incarceration for the offense, and, upon his release, the District Court held a revocation hearing on the Petition.

At his revocation hearing, Johnson admitted the violation. The District Court verified that Johnson understood that he had the right to have evidence of the violation produced, cross-examine witnesses, and produce evidence on his own behalf concerning the violation. The District Court also verified that Johnson had discussed this with his counsel and wished to admit the violation. Johnson's counsel noted that he was aware

that the maximum sentence he could receive was 24 months and was aware of the Guidelines provision for the violation. The government noted that the Guidelines range for Johnson's violation was 30-37 months' imprisonment, and recommended imprisonment for the 24-month statutory maximum. The District Court sentenced the defendant to a 24-month term of imprisonment.

Johnson timely appealed and his counsel ultimately filed a motion to withdraw and supporting brief in accordance with Anders and Third Circuit Local Appellate Rule 109.2(a).

## II.

When the defendant's counsel submits an Anders brief, this Court's inquiry is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

In order to meet the requirements of the first part of the inquiry, counsel must both satisfy the court that she has thoroughly examined the record in search of appealable issues and explain why those issues are frivolous. Id. "Where the Anders brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the Anders brief itself.'" Id. at 301 (quoting United States v. Wagner, 103 F.3d 551, 553 (7th Cir. 1996)).

Here, counsel's brief identifies three potential issues in the record: the jurisdiction of the District Court, the validity and voluntariness of the defendant's admission of the

3

violation and waiver of his procedural rights, and the legality and reasonableness of the defendant's sentence. The District Court had jurisdiction of the underlying offense under 18 U.S.C. § 3231; it is authorized to revoke a term of supervised release pursuant to 18 U.S.C. § 3583(e). Counsel notes that because the defendant admitted to violating his conditions of supervised release, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). In this case, Johnson was represented at the hearing and the District Court informed him of his rights under Fed. R. Crim. P. 32.1(b). See also United States v. Barnhart, 980 F.2d 219, 223 (3d Cir. 1992) (addressing due process requirements in context of a revocation hearing). Johnson's counsel indicated that he pled guilty to the crime that served as the basis for the violation, and Johnson informed the court that he understood his rights, had discussed them with his lawyer, and wanted to waive the hearing and admit the violation.

We review sentences imposed upon revocation of supervised release for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a). United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). "Absent procedural error, we will affirm the sentencing court 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.'" United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010) (quoting United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)). The defendant asked the District Court to consider that he committed the violation out of desperation and requested "as low a sentence as possible"

4

at a prison that will help him develop a marketable skill. The District Court, noting that it had considered the arguments and the factors required by 18 U.S.C. § 3353(a), sentenced the defendant to the statutory maximum of 24 months' imprisonment. The District Court specifically noted that this sentence was below the Guideline range for this violation, which Johnson did not contest was 30-37 months for this Grade A violation for an individual in Criminal History Category V. We cannot say that no reasonable sentencing court would have imposed this sentence in this case. Cf. Bungar, 478 F.3d at 545-46 (declining to find unreasonable a 60-month sentence on revocation of supervised release for Grade B violation, where Guideline range was 21-27 months' imprisonment).

### III.

We find that counsel has adequately shown that there are no nonfrivolous appealable issues and our independent review of the record reveals that there are no appealable issues of merit. Accordingly, counsel's motion for leave to withdraw is granted, and the District Court's finding that the defendant violated his supervised release and sentence will be affirmed.